# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MIJKIA CARL WHITTAKER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:14-CV-1089 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Mijkia Carl Whittaker's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government opposes the motion and movant has filed a reply, so the matter is fully briefed and ready for decision. The motion will be dismissed because movant's arguments are without merit and this action is time barred under 28 U.S.C. § 2255.

**Procedural Background**

On January 14, 2004, movant was indicted one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On April 27, 2004, movant entered a plea of guilty. On October 29, 2004, the Court sentenced movant as an Armed Career Criminal to 188 months of imprisonment. Movant filed a direct appeal to the Eighth Circuit Court of Appeals, which reversed the sentence and remanded for resentencing. The Court entered an amended judgment on June 20, 2006, sentencing movant to 180 months of imprisonment, the mandatory minimum under 18 U.S.C. § 924(e). Movant did not appeal the amended judgment.

**Claims for Relief**

Movant filed the instant motion to vacate on June 12, 2014. Movant raises three grounds for post-conviction relief. First, movant claims that his classification as an Armed Career Criminal

under 18 U.S.C. § 924(e) violates his Sixth Amendment rights under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2014). Movant's second ground for relief is that the Court's reliance on his prior burglary conviction to classify him as an Armed Career Criminal violates the principles set forth in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013). Third, movant asserts that he received ineffective assistance of counsel because his attorney failed to challenge his classification as an Armed Career Criminal based on the principles set forth in <u>Alleyne</u> and <u>Descamps</u>.

**Discussion**

The government asserts that movant's motion to vacate his sentence under § 2255 should be denied because his claims are time barred. Movant responds that his motion to vacate is timely because it was filed within one year of the Supreme Court's decisions in <u>Alleyne</u> and <u>Descamps</u>, which he asserts apply retroactively to his case on collateral review.

> Under 28 U.S.C. § 2255(f):
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because defendant did not file an appeal of his amended judgment, the conviction became final when the time for filing a notice of appeal – at that time, ten days – expired. See Fed. R. App. P. 4(b)(1)(A)(i). Therefore, movant's conviction became final on or about July 1, 2004 and, as a result, his § 2255 motion is time barred under § 2255(f)(1).

Movant argues that the action is not barred by the limitations period on the basis that <u>Alleyne</u> and <u>Descamps</u> identified newly recognized rights that may be applied retroactively to cases on collateral review. Movant is incorrect. A declaration whether a case has been "made retroactively applicable to cases on collateral review" within the meaning of § 2255(f)(3) must come from the Supreme Court itself. See <u>Dodd v. United States</u>, 545 U.S. 353, 357 (2005); <u>Tyler v. Cain</u>, 533 U.S. 656, 662-63, 668 (2001). The Supreme Court resolved <u>Alleyne</u> on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack, and federal courts including this Court have uniformly held that <u>Alleyne</u> does not apply retroactively. See, e.g., <u>United States v. Hoon</u>, 762 F.3d 1172, 1173-74 (10th Cir. 2014) (no court has treated <u>Alleyne</u> as retroactive to cases on collateral review); <u>Jeanty v. Warden, FCI-Miami</u>, 757 F.3d 1283, 1285 (11th Cir. 2014); <u>In re Mazzio</u>, 756 F.3d 487, 489-90 (6th Cir. 2014); <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013); <u>Baker v. Chapa</u>, 578 F. App'x 464, 465 (5th Cir. 2014); <u>United States v. Russell</u>, 573 F. App'x 153, 154 n. 1 (3d Cir. 2014); <u>Brooks v. United States</u>, 2013 WL 6409993, at **1-2 (E.D. Mo. Dec. 9, 2013); <u>Affolter v. United States</u>, 2013 WL 4094366, at *1 (E.D. Mo. Aug. 13, 2013). Movant's claim under <u>Alleyne</u> is therefore time barred.

Similarly, the Supreme Court decided <u>Descamps</u> on direct review and did not declare it retroactive. 133 S. Ct. 2276. Federal courts including this Court have consistently held that <u>Descamps</u> cannot be applied retroactively on collateral review. See, e.g., <u>Wilson v. Warden, FCC Coleman,</u> 581 F. App'x 750, 753 (11th Cir. 2014) (unpublished per curiam) ("The Supreme Court

itself has not expressly declared Descamps to be retroactive to cases on collateral review. Moreover, Descamps was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."); Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014); Baker, 578 F. App'x at 465; United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014); Simpson v. United States, 2014 WL 5025828, at *4 (E.D. Mo. Oct. 8, 2014); George v. United States, 2014 WL 4206966, at *3 (E.D. Mo. Aug. 25, 2014). Movant's claim under Descamps is therefore time barred.

Movant argues that the Eighth Circuit Court of Appeals has held Descamps can be applied retroactively, citing United States v. Thornton, 766 F.3d 875 (8th Cir. 2014). Movant is incorrect because Thornton was a direct appeal and not a case on collateral review. See id. As a result, Thornton offers no support for movant's argument.

Movant's final claim, for ineffective assistance of counsel based on counsel's failure to object to the use of movant's prior convictions as a basis for classification as an Armed Career Criminal under the principles set forth in Alleyne and Descamps, also fails. To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. As to the second prong, in order to show prejudice in the context of a guilty plea, the movant must "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012). The failure to show prejudice is dispositive,

4

and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

The evaluation of counsel's performance is made "in light of the facts and circumstances at the time of trial." Carter v. Hopkins, 92 F.3d 666, 669 (8th Cir. 1996) (quoted case omitted). "Counsel is not accountable for unknown future changes in the law. See Horne v. Trickey, 895 F.2d 497, 500 (8th Cir. 1990) (not ineffective assistance of counsel to fail to foresee 'a significant change in existing law.'); Parker v. Bowersox, 188 F.3d 923, 929 (8th Cir. 1999) (not ineffective assistance of counsel to 'fail[] to anticipate a change in the law')." Toledo v. United States, 581 F.3d 678, 681 (8th Cir. 2009). Here, movant seeks to fault sentencing counsel for failing to foresee in 2004 the Supreme Court's Alleyne and Descamps decisions issued in 2013. Sentencing counsel's performance cannot in any way be deemed deficient for failure to anticipate these future changes in the law. Further, movant cannot show prejudice. Because Alleyne and Descamps do not offer movant any relief, there is no basis for a finding that a different, lesser sentence would have been imposed. Movant's claim of ineffective assistance of counsel is without merit.

**Conclusion**

For the foregoing reasons, the Court concludes that all of the grounds asserted in movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are time barred, without merit, or both.

Accordingly,

**IT IS HEREBY ORDERED** that movant Mijkia Carl Whittaker's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of December, 2014.